**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 16-cv-00219-REB-NYW

NADINE ESPINOZA-HORIUCHI,

    Plaintiff,

v.

WALMART STORES, INC.,

    Defendant.

---

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

Magistrate Judge Nina Y. Wang

This matter is before the court on Plaintiff Nadine Espinoza-Horiuchi's ("Plaintiff" or Ms. Espinoza-Horiuchi") Motion for Summary Judgment (the "Motion for Summary Judgment"). [#17, filed Mar. 3, 2016]. The undersigned Magistrate Judge considers the Motion for Summary Judgment pursuant to the Order of Reference dated February 9, 2016 [#11] and the Memorandum dated March 4, 2016 [#18]. For the foregoing reasons, this court respectfully **RECOMMENDS** that the Motion for Summary Judgment be **DENIED**.

**BACKGROUND**

Plaintiff filed this case *pro se* on January 28, 2016. [#1]. She asserts claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, against Defendant Wal-Mart Stores, Inc. for allegedly wrongfully and discriminatorily terminating her from her job with the company. *See* [#1]. Defendant filed an Answer to the Complaint on March 3, 2016. [#16]. A

Scheduling Conference is set for March 16, 2016 at 2:30 PM in Courtroom C-204 before the undersigned Magistrate Judge. [#12].

Ms. Espinoza-Horiuchi filed the present Motion for Summary Judgment on March 3, 2016. [#17]. Ms. Espinoza-Horiuchi does not present any legal arguments or evidence in the Motion for Summary Judgment. The entire text of the Motion for Summary Judgment reads as follows:

> I, Nadine Espinoza-Horiuchi,
>
> Civil Action Case No.: 16-CV-0219-REB-NYW
>
> Write up this motion of summary on March 3, 2016, for the judge to make a decision by March 9, 2016, given ALL the facts. So that the "Final Decision" on this case will be made on or before March 16, 2016, at 2:30PM.

[#17].

## ANALYSIS

The court first notes that Ms. Espinoza-Horiuchi is proceeding *pro se* in this case. "A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). "The *Haines* rule applies to all proceedings involving a *pro se* litigant, including . . . summary judgment proceedings." *Id.* at n.3 (citations omitted). However, the court cannot be a *pro se* litigant's advocate. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Ms. Espinoza-Horiuchi states in the Motion for Summary Judgment that she requests "the judge to make a decision by March 9, 2016, given ALL the facts." [#17]. However, Ms. Espinoza-Horiuchi does not present any arguments or evidence in her Motion for Summary

Judgment regarding why summary judgment in her favor would be appropriate in this matter. Accordingly, this court recommends denying the Motion for Summary Judgment because summary judgment is appropriate only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994); *see also* D.C.COLO.LCivR 7.1(i) ("A verbose, redundant, ungrammatical, or unintelligible motion, response, or reply may be stricken or returned for revision . . . .").

The court also notes that Ms. Espinoza-Horiuchi did not sign the Motion for Summary Judgment, as required by Fed. R. Civ. P. 11, which mandates that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number." The signature of the filer also indicates that the positions taken by a party is done so in good faith, and is supported by law and fact. Fed. R. Civ. P. 11. While this court will overlook technical or grammatical errors in Plaintiff's filings, Plaintiff must still comply with the applicable Rules, including the Federal Rules of Civil Procedure, Local Practice Rules of the District, and the Practice Standards of the presiding judge, the Honorable Robert E. Blackburn. *See Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Ms. Espinoza-Horiuchi is advised that failure to comply with the applicable Rules in the future may result in the court striking her motions or other pleadings, without substantive consideration.

## CONCLUSION

For the foregoing reasons, the court respectfully **RECOMMENDS** that the Motion for Summary Judgment [#17] be **DENIED**.

DATED: March 7, 2016

BY THE COURT:

s/Nina Y. Wang_____
United States Magistrate Judge