**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Case No.: 16-cv-00219-REB-NYW

NADINE ESPINOZA-HORIUCHI,

    Plaintiff,

v.

WALMART STORES, INC.

    Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

The parties to this action, their counsel, and any other person who agrees in writing to become bound by the terms of this protective order ("the Order"), are bound by this Order.

Having shown good cause in support of the entry of this protective order to protect against the dissemination of the confidential information set forth herein, and recognizing the parties to this case have stipulated hereto, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony and other information disclosed pursuant to the disclosures or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be any information that is designated as sensitive by the disclosing party including, but not limited to, printed documents, computer disks or other electronic media, information contained in documents or electronic media, information revealed during depositions, and information revealed in interrogatory answers. Prior to designation, the designating party or designating party's counsel will review the information, and the designation as confidential will be based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7). In general, CONFIDENTIAL INFORMATION includes and may be claimed with respect to information which is confidential or proprietary in nature, such as, but not limited to, trade secrets, research and development, customer lists or other commercial information that has been kept confidential by the producing party, personnel information or documents, medical or workers compensation information pertaining to Plaintiff or employees, and internal corporate EEO investigation files, as well as any information that implicates a common law or statutory privacy interest such as personal identifying information or any other information that is otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

4. This CONFIDENTIAL INFORMATION shall not be disclosed or used for any purpose except the preparation and trial of this case.

5.  The CONFIDENTIAL INFORMATION shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

a)  attorneys actively working on this case;

b)  persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or at trial, or at other proceedings in this case;

c)  the parties;

d)  expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e)  the Court and its employees ("Court Personnel");

f)  stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g)  deponents or witnesses; and

h)  other persons by written agreement of the parties.

6.  Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgement stating that he or she has read this Protective Order and agrees to be bound by its provisions.  All such

acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL".

8. Whenever a deposition involves the disclosure of said CONFIDENTIAL information, the deposition or portions thereof shall, at the election of counsel, be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the

motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. The inadvertent production of any information or document without it being properly marked or otherwise designated as CONFIDENTIAL INFORMATION shall not be deemed a waiver of any claim of confidentiality in such information or document. If a producing party or a supplying person acting for a producing party, through inadvertence, produces any CONFIDENTIAL INFORMATION without marking or designating it as such in accordance with the provisions of this Order, the producing party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all parties (or written notice alone as to non-documentary information) that such information is deemed CONFIDENTIAL INFORMATION and should be treated as such in accordance with the provisions of this Order. Each receiving person must treat such information as CONFIDENTIAL from the date such notice is received. Disclosure of such CONFIDENTIAL INFORMATION prior to the receipt of such notice, if known, shall be reported to the producing party and shall not be deemed a violation of this Order.

11. Pursuant to FRE 502 (d) and (e), privileged and otherwise protected documents are protected against claims of waiver as follows:

      a)     The disclosure or production of documents by a Producing Party subject to a legally recognized claim of privilege, including without limitation the attorney-client privilege and the work-product doctrine, to a Receiving Party, shall in no way constitute the voluntary disclosure of such document. The inadvertent disclosure or production of any document in this action shall not result in the waiver of any privilege, evidentiary protection or other protection associated with such Document as to the Receiving Party or any third parties.

      b)     If a party determines that any document produced by another party is or may reasonably be subject to a legally recognizable privilege or evidentiary protection ("Protected Document"): (i) the Receiving Party shall: (A) refrain from reading the Protected Document any more closely than is necessary to ascertain that it is privileged or otherwise protected from disclosure; (B) immediately notify the Producing Party in writing that it has discovered Documents believed to be privileged or protected; (C) specifically identify the Protected Documents by Bates number range or hash value, and (D) within ten (10) days of discovery by the Receiving Party, return, sequester, or destroy all copies of such Protected Documents, along with any notes, abstracts or compilations of the content thereof.  If the Producing Party intends to assert a claim of privilege or other protection over Documents identified by the Receiving Party as Protected Documents, the Producing Party will, within ten (10) days of receiving the Receiving Party's written notification described above, inform the Receiving Party of such intention in writing and shall provide the Receiving Party with a log for such

Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure.

      c)      If a party determines it has produced a Protected Document: (i) the Producing Party may notify the Receiving Party of such inadvertent production in writing, and demand the return of such documents. Such notice may be delivered orally on the record at a deposition, promptly followed up in writing. The Producing Party shall provide the Receiving Party with a log for such Protected Documents that is consistent with the requirements of the Federal Rules of Civil Procedure. The Receiving Party must, within ten (10) days of receiving the Producing Party's written notification described above, return, sequester, or destroy the Protected Document and any copies, along with any notes, abstracts or compilations of the content thereof. If the Receiving Party disclosed the Protected Document before being notified of its inadvertent production, it must take reasonable steps to retrieve it.

      d)      The Receiving Party's return, sequestering or destruction of Protected Documents as provided herein will not act as a waiver of the Requesting Party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not, in fact, subject to a viable claim of privilege or protection. However, the Receiving Party is prohibited and estopped from arguing that: (i) the disclosure or production of the Protected Documents acts as a waiver of an applicable privilege or evidentiary protection; (ii) the disclosure of the Protected Documents was not inadvertent; (iii) the Producing Party did not take

reasonable steps to prevent the disclosure of the Protected Documents; or (iv) the Producing Party failed to take reasonable or timely steps to rectify the error.

e) Either party may submit Protected Documents to the Court under seal <u>consistent with D.C.COLO.LCivR 7.2</u> for a determination of the claim of privilege or other protection. <u>However, nothing in this Order may be construed as an Order restriction any document and/or information.  To merit restriction, a party must comply with D.C.COLO.LCivR 7.2 and the case law regarding restricting documents.</u> The Receiving Party may not use the Protected Documents for any purpose absent this Court's Order. Upon a determination by the Court that the Protected Documents are protected by the applicable privilege or evidentiary protection, and if the Protected Documents have been sequestered rather than returned or destroyed by the Receiving Party, the Protected Documents shall be returned or destroyed within 10 (ten) days of the Court's order.

12. In the event that documents are produced containing corporate trade secrets, nonpublic research and development data, pricing formulas, prospective inventory management programs, confidential business information not generally known to the general public, and customer-related information, the producing party may designate these materials "Attorneys' Eyes Only." Qualified recipients of documents marked "ATTORNEYS' EYES ONLY" shall include only in-house counsel and law firms for each party and the secretarial, clerical and paralegal staff of each." The parties should follow the procedure set forth in Paragraph 9 for any objections to an Attorneys' Eyes Only designation.

13. At the conclusion of this case, unless other arrangements are agreed

upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it as CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming destruction.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED this 25th day of March, 2016.

BY THE COURT:

s/ Nina Y. Wang
United States Magistrate Judge

Stipulated and agreed to:

*Original Signatures on file with Firm*

S/ *Nadine Espinoza-Horiuch*
Nadine Espinoza-Horiuchi
1665 Elmwood Lane
Denver, CO  80221
Telephone:  303-427-5403

*Pro Se Plaintiff*

S/ *J. Mark Baird*
J. Mark Baird
Baird Quinn LLC
The Bushong Mansion
2036 E. 17th Avenue, Denver, CO  80206,
Telephone: 303.813.4500
Fax: 303.813.4501.
Email: jmb@bairrdquinn.com

*Attorneys for Defendant*

1