**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 16-cv-00219-REB-NYW

NADINE ESPINOZA-HORIUCHI,

      Plaintiff,

v.

WAL-MART STORES, INC.

      Defendant.

---

**ORDER**

---

**Blackburn, J.**

    The matter before me is plaintiff's **Motion To Set Matter for Trial** [#33],[1] filed

August 31, 2016.[2]  I strike the motion.[3]

    Five weeks after filing this case, plaintiff filed her purported **Motion for Summary**

**Judgment** ([#17], filed March 3, 2016), which was referred to the magistrate judge for

recommendation [#18].  In adopting the magistrate judge's recommendation to deny

---

[1] "[#33]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

[2] Because plaintiff is proceeding *pro se*, the court construes her filings more liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers.  ***See Erickson v. Pardus***, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).  That latitude, however, does not require the court to divine the factual basis for a *pro se* plaintiff's request for relief or develop legal arguments on her behalf.  ***See Yang v. Archuleta***, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[3] Given the obvious deficiencies of the motion, I exercise my discretion to rule on the motion without awaiting the benefit of defendant's response.  **D.C.COLO.LCivR** 7.1(d) ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed.").

that motion – which consisted of a single, conclusory, sentence – I specifically

cautioned plaintiff that "motions" of this nature were procedurally improper and

substantively ineffectual:

> Plaintiff's one-sentence, conclusory "motion" violates not
> only the rules cited by the magistrate judge in the
> recommendation, but also the requirement of the local civil
> rules that "a motion involving a contested issue of law"must
> "be supported by a recitation of legal authority in the motion."

(**Order Adopting Recommendation of the United States Magistrate Judge** at 1-2

[#30], filed March 31, 2016.)  Moreover, I specifically admonished plaintiff to familiarize

herself with all rules of practice and procedure applicable to this federal lawsuit and

advised that "[f]urther non-complying motions or other submissions may be stricken."

(*Id.* at 2.)[4]

Apparently heedless of this warning, plaintiff's current submission likewise

consists of but a single sentence:

> I, Nadine Espinoza-Horiuchi, file this appeal on, August 31,
> 2016, the decision made on court Case No.: 16-CV-00219-
> REB.NYW against Walmart and request that a court date be
> set before the judge and jury on or before, September 16,
> 2016, ready for trial.

Consistent with the court's previous warning, this unilluminating, unsubstantiated

"motion" will be stricken.

Even if the court were to consider the motion on its merits (such as they are), it

would not grant plaintiff the near-immediate jury trial she requests.  This case is little

---

[4]  The magistrate judge also cautioned plaintiff "that failure to comply with the applicable Rules in the future may result in the court striking her motions or other pleadings, without substantive consideration."  (**Recommendation of United States Magistrate Judge** at 3 [#20], filed March 7, 2016.)

more than eight months old.  Discovery ended barely a month ago.  Defendant filed a motion for summary judgment only three days prior to plaintiff's motion, and the court assumes plaintiff will wish to file a response to that motion.[5]  The matter thus is not ripe to be set for trial at this time.[6]  If any of plaintiff's claims survive summary judgment, the case may be set for trial in due course thereafter.

        **THEREFORE, IT IS ORDERED** that plaintiff's **Motion To Set Matter for Trial** [#33], filed August 31, 2016, is stricken.

        Dated September 1, 2016, at Denver, Colorado.

                                        BY THE COURT:

                                        Robert E. Blackburn
                                        United States District Judge

---

[5]  To the extent plaintiff intended the instant motion to serve as her response to defendant's summary judgment motion, she is specifically advised that her submission is ineffective for that purpose. Any timely response plaintiff may file to the defendant's motion must comply with all legal requirements, as previously set forth in the magistrate judge's Recommendation [#20], filed March 7, 2016.

[6]  Much less on the two-weeks' notice plaintiff demands.