**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 16-cv-00219-REB-NYW

NADINE ESPINOZA-HORIUCHI,

    Plaintiff,

v.

WAL-MART STORES, INC.

    Defendant.

**ORDER OVERRULING OBJECTION TO AND ADOPTING
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    The matters before me are (1) the **Recommendation of United States Magistrate Judge** [#38],[1] filed December 8, 2016; and (2) plaintiff's **Objection** thereto [#39], filed December 12, 2016. I overrule plaintiff's objection, adopt the recommendation, grant defendant's motion to for summary judgment, and dismiss this case.

    As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which cognizable objections have been filed. I have considered carefully the recommendation, objection, and applicable caselaw. The recommendation is thorough and well-reasoned. The magistrate judge's excellent discussion and analysis require no festooned reiteration from this court. Suffice to say, I concur fully

---

[1] "[#38]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

with the magistrate judge's well-substantiated determination that plaintiff has failed to present any evidence sufficient to create a genuine dispute for trial on her putative Title VII claims. I thus approve and adopt the recommendation in full.

By her objection, plaintiff suggests she possesses documents to prove she notified a manager, Shane Thompson, of a prior criminal conviction,[2] and Mr. Thompson allegedly approved her work release. However, the time to present that argument (and any supporting documents) was in response to the summary judgment motion itself. By failing to file any response to the motion, despite a sizeable extension of the deadline for submission and a direct order from the court to do so, plaintiff has waived this objection. **Marshall v. Chater**, 75 F.3d 1421, 1426 (10th Cir. 1996); **Mariani v. Stommel**, 2006 WL 2598010 at *2 (D. Colo. Sept. 11, 2006).

Yet even were the court required or inclined to consider the objection substantively, it is without merit. For even if Mr. Thompson knew of plaintiff's prior arrest and conviction history, there is neither argument nor evidence to suggest that the manager who actually made the decision, Brett Newberg, had any such knowledge.[3] Instead, the evidence of record fully supports the magistrate judge's conclusion that Mr. Newberg terminated plaintiff with a good faith and honest belief based on facts known to him that plaintiff had violated the company's Arrest and Convictions Policy. There is simply no genuine dispute of material fact as to pretext to warrant submission of these

---

[2] The evidence before the court reveals plaintiff had multiple arrests and convictions, and she does not specify, by date or otherwise, the particular conviction or convictions of which she allegedly notified Mr. Thompson. However, as the magistrate judge noted in recounting plaintiff's deposition, this incident appears to have occurred some time in 2012; the magistrate judge therefore found it irrelevant in assessing Mr. Newberg's later decision to terminate plaintiff's employment. (**Recommendation** at 5 n.4.)

[3] That Mr. Thompson may have failed to communicate this information to Mr. Newberg (again, a "fact" based on nothing more than plaintiff's mere *ipse dixit*) provides no ground for relief under Title VII either. Again, the determinative issue is what the decisionmaker, Mr. Newberg, actually knew.

claims to a jury.  *Stover v. Martinez*, 382 F.3d 1064, 1076 (10th Cir. 2004).

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#38], filed December 8, 2016, is approved and adopted as an order of this court;

2. That the objections stated in plaintiff's **Objection** [#39], filed December 12, 2016, are overruled;

3. That **Defendant Wal-Mart Stores, Inc.'s Motion for Summary Judgment** [#31], filed August 29, 2016, is granted;

4. That plaintiff's claims against defendant are dismissed with prejudice;

5. That judgment with prejudice shall enter on behalf of defendant, Wal-Mart Stores, Inc., and against plaintiff, Nadine Espinoza-Horiuchi, on all claims for relief and causes of action asserted in this action; and

6. That defendant is awarded its costs, to be taxed by the clerk of the court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

Dated December 23, 2016, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge